IGARTUA, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Arecibo Finding Curable Defect.

No. 186.—Decided June 23, 1914.

RECORD OF TITLE—CURABLE DEFECT—CONJUGAL PARTNERSHIP PROPERTY—PRIVATE PROPERTY OF SPOUSE—ORIGIN OF PURCHASE PRICE.—Failure to state the origin of the purchase price of a property in a deed affecting real property

is not a curable defect when it is not sought by means of said deed to record
the property acquired as the private property of one of the grantee spouses.
ID.—PRIVATE PROPERTY OF SPOUSE—CONJUGAL PARTNERSHIP PROPERTY—ORIGIN
OF PURCHASE PRICE.—Only when the husband or the wife seeks to record
property belonging exclusively to one or the other is it necessary to state
in the deed that the purchase price of the property belonged exclusively to
the spouse in whose name it is desired to record the property.

The facts are stated in the opinion.

*Mr. José de Jesús Tizol* for the appellant.

Mr. José Marcial López, the registrar, appeared by brief *pro se*.

MR. JUSTICE WOLF delivered the opinion of the court.

It appears from the Registry of Property of Arecibo that on August 8, 1901, Pedro Carlo and Antonio Saavedra sold to Margarita Feliciano y Nieves, the wife of Juan Nepomuceno Prieto, for $500, a lot of 36 acres situated within the jurisdiction of Arecibo.

By public deed No. 50 executed before Notary Márquez y Abrams on August 4, 1910, the said Margarita Feliciano y Nieves made a voluntary mortgage in favor of Rafael Igartúa del Valle in the sum of $450 on said 36 acres.

On July 26, 1913, Rafael Igartúa del Valle, owner of the mortgage, Margarita Feliciano y Nieves and Juan Prieto y de León, her husband, made another deed for the purpose of modifying the previous mortgage. The owner of the mortgage received $130 and extended the mortgage to July 15, 1916, liberating or exonerating from the mortgage 18 acres of the 36 acres originally mortgaged. The registrar recorded the deed in modification, but with the curable defect that it did not appear that the price paid for the property acquired was the separate property of the wife.

We are at a loss to understand the position of the registrar. In the first place, it does not appear that Margarita Feliciano y Nieves was acquiring a piece of property, but that she was obtaining the release of part of a lot already recorded in her name.

However, if it be supposed that the deed in modification

created a new property right, the mere fact that such deed does not recite the origin of the purchase price can make no difference. Margarita Feliciano y Nieves is not asserting that the title so acquired is Her separate property. The registrar is entirely correct in maintaining that property so acquired would be presumed to be ganancial. It. is only when a husband or wife is seeking to have property recorded as his or her separate property that the principle of *Felíu et al.* v. *The Registrar of Property,* 16 P. R. R., 728, is applicable. In the record of the registry in this chain of title there is no attempt to set up a separate title in the wife.

The note must be reversed.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.